IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY LEE FLEMING,

    Plaintiff,

  v.

WARDEN HEDGEPATH, et al.,

    Defendants.
                                 /

No. C 09-01916 CW (PR)

ORDER OF DISMISSAL WITHOUT PREJUDICE

    Plaintiff is a prisoner of the State of California who is incarcerated at Salinas Valley State Prison (SVSP). He has filed this civil rights action under 42 U.S.C. § 1983 and seeks leave to proceed in forma pauperis (IFP). Venue is proper in this Court because the injuries complained of occurred in Monterey County, which is located within the Northern District of California. See 28 U.S.C. § 1391.

    Plaintiff has filed other civil rights actions in this Court, including Fleming v. Schwarzenegger, No. C 08-5011 CW (PR).

## STANDARD OF REVIEW

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail

to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>Id.</u> § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Terracom v. Valley National Bank</u>, 49 F.3d 555, 558 (9th Cir. 1995) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). <u>Pro se</u> pleadings must be liberally construed. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1988).

DISCUSSION

Plaintiff is designated as a full-time wheelchair user at SVSP. He alleges that SVSP has no programs for full-time wheelchair users. He has requested to be transferred to a prison with such programs, but prison officials have denied his requests. Plaintiff appears to allege that his right to due process was violated when prison officials refused to grant his request to be transferred to another prison.

Prisoners have no constitutional right to incarceration in a particular institution. <u>See</u> <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976). A prisoner's liberty interests are sufficiently extinguished by his conviction that the State may generally confine or transfer him to any of its institutions, to prisons in another

2

state or to federal prisons, without offending the Constitution. See Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and Olim v. Wakinekona, 461 U.S. 238, 244-48 (1983) (interstate prison transfer does not implicate Due Process Clause)).  California has not created a protected liberty interest in housing at any particular facility (or temporary release to the community); therefore, there are no substantive limitations on prison officials' discretion to grant or refuse the transfer of prisoners.  See Cal. Penal Code § 5080; Cal. Code Regs. tit. 15, § 3379.  The Court finds that there was no due process violation in the prison officials' refusal to transfer Plaintiff.

As mentioned above, Plaintiff also alleges that SVSP has no programs for full-time wheelchair users.  Title II of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et seq. (ADA), provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  Accordingly, Plaintiff has a right under the ADA not to be discriminated against in the availability of state programs due to disability status.  In his previous civil rights action, Case No. C 08-5011 CW (PR), the Court granted Plaintiff leave to file an amendment to the complaint to add an ADA claim against Defendant Schwarzenegger.  Accordingly, the Court will allow the claim in the present complaint to be included in the amendment to the complaint in Case No. C 08-5011 CW (PR).

Therefore, this case will be closed as opened in error, and this action is DISMISSED without prejudice to including an ADA claim regarding the availability of state programs due to disability status in his amendment to the complaint in Case No. C 08-5011 CW (PR).

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The present complaint was opened in error, and this action is DISMISSED without prejudice.

2. The Court will allow the claim in the present complaint to be included in the amendment to the complaint in Case No. C 08-5011 CW (PR).

3. Plaintiff's IFP application is terminated as moot, and no filing fee is due.

4. The Clerk shall terminate all pending motions and close the file.

5. This Order terminates Docket no. 3.

IT IS SO ORDERED.

Dated: 7/15/09

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GARY LEE FLEMING,

        Plaintiff,

v.

HEDGEPATH et al,

        Defendant.

Case Number: CV09-01916 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 15, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary Lee Fleming
T-29495
Salinas Valley State Prison
POB 1050
Soledad, CA 93960-1030

Dated: July 15, 2009

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk